THOMAS J. HEAVEY, ESQ.
GROSSMAN, HEAVEY & HALPIN, P.C.
1608 Highway 88 West, Suite 200
Brick, New Jersey 08724
(732) 206-0200
Attorney for Defendants, Inspira Medical Centers, Inc. (improperly plead as "Inspira Medical Centers Vineland" and "Inspira Health Network"); Crystl Dooley, R.N.; Brittany Orzechowski, R.N.; Betina Afanador-Perez, R.N.; Ryan Federico, R.N.; Gina Giuliani, R.N.; and Tammy L. Sheppard, R.N.

---

| | |
|---|---|
| KELLI TORRES and RUBEN TORRES SR., Individually and as Administrators Ad Prosequendum of the Estate of RUBEN TORRES, JR., Deceased | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiff | 1:16-cv-02232-JHR-KMW |
| vs. | |
| UNITED STATES OF AMERICA; TRACY SHEBAH, D.O.; ASHLEY N. LONG, D.O.; KENNETH POPPEN, D.O.; SARA E. CLYMER, D.O.; RACHEL MORIN-RAYBURN, D.O.; JESSICA BALKEMA, D.O.; CRYSTL DOOLEY, R.N.; BRITTANY ORZECHOWSKI, R.N.; BETINA AFANADOR-PEREZ, R.N.; RYAN FEDERICO, R.N.; GINA GIULIANI, R.N.; ERIC M. BONIFIELD, M.D.; TAMMY L. SHEPPARD, R.N.; JANE and/or JOHN DOE 1-20, fictitiously named defendants; JANE and/or JOHN DOE 21-40, fictitiously named defendants; JANE and/or JOHN DOE 41-60, fictitiously named defendants; INSPIRA MEDICAL CENTERS, INC.; INSPIRA MEDICAL CENTERS VINELAND; INSPIRA HEALTH NETWORK; ROWAN UNIVERSITY SCHOOL OF MEDICINE; | ANSWER TO COMPLAINT; SEPARATE DEFENSES; DEMAND FOR CONTRIBUTION AND/OR CROSSCLAIM FOR INDEMNIFICATION; DEMAND FOR JURY; and DEMAND FOR DAMAGES |

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

CUMBERLAND OB/GYN;
ABC CORPORATION 1-20, fictitiously
named defendants; and
ABC CORPORATION 21-40, fictitiously
named defendants.

Defendants

---

Defendants, Inspira Medical Centers, Inc. (improperly plead as "Inspira Medical Centers

Vineland" and "Inspira Health Network"); Crystl Dooley, R.N.; Brittany Orzechowski, R.N.;

Betina Afanador-Perez, R.N.; Ryan Federico, R.N.; Gina Giuliani, R.N.; and Tammy L. Sheppard,

R.N. by way of Answer to plaintiffs' Complaint hereby say:

## PARTIES

1-3.    These defendants neither admit nor deny the allegations set forth in paragraphs

one (1) through three (3) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

4-7.    Paragraphs four (4) through seven (7) of the Parties Count of the Complaint do

not pertain to these defendants; and, accordingly, no Answer is provided.

8-9.    These defendants hereby deny the allegations set forth in paragraphs eight (8) and

nine (9) of the Parties Count of the Complaint.

10.    Paragraph ten (10) of the Parties Count of the Complaint does not pertain to these

defendants; and, accordingly, no Answer is provided.

11-12. These defendants neither admit nor deny the allegations set forth in paragraphs

eleven (11) and twelve (12) of the Parties Count of the Complaint, but leave plaintiffs to their

proof.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

13.    Paragraph thirteen (13) of the Parties Count of the Complaint does not pertain to these defendants; and, accordingly, no Answer is provided.

14.    These defendants hereby deny the allegations set forth in paragraph fourteen (14) of the Parties Count of the Complaint.

15-16. These defendants neither admit nor deny the allegations set forth in paragraphs fifteen (15) and sixteen (16) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

17.    Paragraph seventeen (17) of the Parties Count of the Complaint does not pertain to these defendants; and, accordingly, no Answer is provided.

18.    These defendants hereby deny the allegations set forth in paragraph eighteen (18) of the Parties Count of the Complaint.

19-20. These defendants neither admit nor deny the allegations set forth in paragraphs nineteen (19) and twenty (20) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

21.    Paragraph twenty-one (21)  of the Parties Count of the Complaint does not pertain to these defendants; and, accordingly, no Answer is provided.

22.    These defendants hereby deny the allegations set forth in paragraph twenty-two (22) of the Parties Count of the Complaint.

23-24. These defendants neither admit nor deny the allegations set forth in paragraphs twenty-three (23) and twenty-four (24) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

25.     Paragraph twenty-five (25) of the Parties Count of the Complaint does not pertain to these defendants; and, accordingly, no Answer is provided.

26.     These defendants hereby deny the allegations set forth in paragraph twenty-six (26) of the Parties Count of the Complaint.

27-28.   These defendants neither admit nor deny the allegations set forth in paragraphs twenty-seven (27) and twenty-eight (28) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

29.     Paragraph twenty-nine (29) of the Parties Count of the Complaint does not pertain to these defendants; and, accordingly, no Answer is provided.

30.     These defendants hereby deny the allegations set forth in paragraph thirty (30) of the Parties Count of the Complaint.

31-32.   These defendants neither admit nor deny the allegations set forth in paragraphs thirty-one (31) and thirty-two (32) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

33.     Paragraph thirty-three (33) of the Parties Count of the Complaint does not pertain to these defendants; and, accordingly, no Answer is provided.

34.     These defendants hereby deny the allegations set forth in paragraph thirty-four (34) of the Parties Count of the Complaint.

35-36.   These defendants neither admit nor deny the allegations set forth in paragraphs thirty-five (35) and thirty-six (36) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

37.     These defendants hereby deny the allegations set forth in paragraph thirty-seven (37) of the Parties Count of the Complaint.

38-39.   These defendants neither admit nor deny the allegations set forth in paragraphs thirty-eight (38) and thirty-nine (39) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

40.     These defendants hereby deny the allegations set forth in paragraph forty (40) of the Parties Count of the Complaint.

41-42.   These defendants neither admit nor deny the allegations set forth in paragraphs forty-one (41) and forty-two (42) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

43.   These defendants hereby deny the allegations set forth in paragraph forty-three (43) of the Parties Count of the Complaint.

44-45.   These defendants neither admit nor deny the allegations set forth in paragraphs forty-four (44) and forty-five (45) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

46.   These defendants hereby deny the allegations set forth in paragraph forty-six (46) of the Parties Count of the Complaint.

47-48.   These defendants neither admit nor deny the allegations set forth in paragraphs forty-seven (47) and forty-eight (48) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

49.   These defendants hereby deny the allegations set forth in paragraph forty-nine (49) of the Parties Count of the Complaint.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

50.    Paragraph fifty (50) of the Parties Count of the Complaint does not pertain to these defendants; and, accordingly, no Answer is provided.

51.   These defendants neither admit nor deny the allegations set forth in paragraph fifty-one (51) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

52.    Paragraph fifty-two (52) of the Parties Count of the Complaint does not pertain to these defendants; and, accordingly, no Answer is provided.

53.   These defendants neither admit nor deny the allegations set forth in paragraph fifty-three (53) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

54.   These defendants hereby deny the allegations set forth in paragraph fifty-four (54) of the Parties Count of the Complaint.

55-56.   These defendants neither admit nor deny the allegations set forth in paragraphs fifty-five (55) and fifty-six (56) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

57.   These defendants hereby deny the allegations set forth in paragraph fifty-seven (57) of the Parties Count of the Complaint.

58-66.   Paragraphs fifty-eight (58) through sixty-six (66) of the Parties Count of the Complaint does not pertain to these defendants; and, accordingly, no Answer is provided.

67-69.   These defendants neither admit nor deny the allegations set forth in paragraphs sixty-seven (67) through sixty-nine (69) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

70-71.   These defendants hereby deny the allegations set forth in paragraphs seventy (70) and seventy-one (71) of the Parties Count of the Complaint.

72-76.  These defendants neither admit nor deny the allegations set forth in paragraphs seventy-two (72) through seventy-six (76) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

77-78.  These defendants hereby deny the allegations set forth in paragraphs seventy-seven (77) and seventy-eight (78) of the Parties Count of the Complaint.

79-85.  These defendants neither admit nor deny the allegations set forth in paragraphs seventy-nine (79) through eighty-five (85) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

86-87.  These defendants hereby deny the allegations set forth in paragraphs eighty-six (86) and eighty-seven (87) of the Parties Count of the Complaint.

88-89.  These defendants neither admit nor deny the allegations set forth in paragraphs eighty-eight (88) and eighty-nine (89) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

90.  Paragraph ninety (90) of the Parties Count of the Complaint do not pertain to these defendants; and, accordingly, no Answer is provided.

91.  These defendants neither admit nor deny the allegations set forth in paragraph ninety-one (91) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

92-94.  Paragraphs ninety-two (92) through ninety-four (94) of the Parties Count of the Complaint do not pertain to these defendants; and, accordingly, no Answer is provided.

95.  These defendants neither admit nor deny the allegations set forth in paragraph ninety-five (95) of the Parties Count of the Complaint, but leave plaintiffs to their proof.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

96-103. Paragraphs ninety-six (96) through one-hundred and three (103) of the Parties Count of the Complaint do not pertain to these defendants; and, accordingly, no Answer is provided.

## JURISDICTION AND VENUE

104-109.        These defendants neither admit nor deny the allegations set forth in paragraphs one-hundred and four (104) through one-hundred and nine (109) of the Jurisdiction and Venue Count of the Complaint, but leave plaintiffs to their proof.

## FACTUAL BACKGROUND

110-135.  These defendants neither admit nor deny the allegations set forth in paragraphs one-hundred and ten (110) through one-hundred and thirty-five (135) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

136.  These defendants hereby deny the allegations set forth in paragraph one-hundred thirty-six (136) of the Factual Background Count of the Complaint.

137-139.  These defendants neither admit nor deny the allegations set forth in paragraphs one-hundred thirty-seven (137) through one-hundred thirty-nine (139) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

140-141   These defendants hereby deny the allegations set forth in paragraphs one-hundred forty (140) and one-hundred forty-one (141) of the Factual Background Count of the Complaint.

142.  These defendants neither admit nor deny the allegations set forth in paragraph one-hundred forty-two (142) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

143.   These defendants hereby deny the allegations set forth in paragraph one-hundred and forty-three (143) of the Factual Background Count of the Complaint.

144-149.   These defendants neither admit nor deny the allegations set forth in paragraphs one-hundred forty-four (144) through one-hundred forty-nine (149) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

150.   These defendants hereby deny the allegations set forth in paragraph one-hundred and fifty (150) of the Factual Background Count of the Complaint.

151-159.   These defendants neither admit nor deny the allegations set forth in paragraphs one-hundred fifty-one (151) through one-hundred fifty-nine (159) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

160.   These defendants hereby deny the allegations set forth in paragraph one-hundred and sixty (160) of the Factual Background Count of the Complaint.

161-172.   These defendants neither admit nor deny the allegations set forth in paragraphs one-hundred sixty-one (161) through one-hundred seventy-two (172) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

173.   These defendants hereby deny the allegations set forth in paragraph one-hundred and seventy-three (173) of the Factual Background Count of the Complaint.

174-176.   These defendants neither admit nor deny the allegations set forth in paragraphs one-hundred seventy-four (174) through one-hundred seventy-six (176) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

177.   These defendants hereby deny the allegations set forth in paragraph one-hundred seventy-seven (177) of the Factual Background Count of the Complaint.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

178-189.   These defendants neither admit nor deny the allegations set forth in paragraphs one-hundred seventy-eight (178) through one-hundred and eighty-nine (189) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

190.   These defendants hereby deny the allegations set forth in paragraph one-hundred ninety (190) of the Factual Background Count of the Complaint.

191-193.   These defendants neither admit nor deny the allegations set forth in paragraphs one-hundred ninety-one (191) through one-hundred ninety-three (193) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

194.   These defendants hereby deny the allegations set forth in paragraph one-hundred ninety-four (194) of the Factual Background Count of the Complaint.

195-199.   These defendants neither admit nor deny the allegations set forth in paragraphs one-hundred ninety-five (195) through one-hundred and ninety-nine (199) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

200-201.   These defendants hereby deny the allegations set forth in paragraphs two-hundred (200) and two-hundred and one (201) of the Factual Background Count of the Complaint.

202-218.   These defendants neither admit nor deny the allegations set forth in paragraphs two-hundred and two (202) through two-hundred and eighteen (218) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

219.   These defendants hereby deny the allegations set forth in paragraph two-hundred and nineteen (219) of the Factual Background Count of the Complaint.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

220-230.  These defendants neither admit nor deny the allegations set forth in paragraphs two-hundred and twenty (220) through two-hundred thirty (230) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

231-233.  These defendants hereby deny the allegations set forth in paragraphs two-hundred thirty-one (231) through two-hundred thirty-three (233) of the Factual Background Count of the Complaint.

234-237.  These defendants neither admit nor deny the allegations set forth in paragraphs two-hundred thirty-four (234) through two-hundred thirty-seven (237) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

238-240.  These defendants hereby deny the allegations set forth in paragraphs two-hundred thirty-eight (238) through two-hundred forty (240) of the Factual Background Count of the Complaint.

241-242.  These defendants neither admit nor deny the allegations set forth in paragraphs two-hundred forty-one (241) and two-hundred forty-two (242) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

243.  These defendants hereby deny the allegations set forth in paragraph two-hundred forty-three (243) of the Factual Background Count of the Complaint.

244.  These defendants neither admit nor deny the allegations set forth in paragraph two-hundred forty-four (244) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

245.  These defendants hereby deny the allegations set forth in paragraph two-hundred forty-five (245) of the Factual Background Count of the Complaint.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

246-249.  These defendants neither admit nor deny the allegations set forth in paragraphs two-hundred forty-six (246) through two-hundred forty-nine (249) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

250.  These defendants hereby deny the allegations set forth in paragraph two-hundred fifty (250) of the Factual Background Count of the Complaint.

251-252.  These defendants neither admit nor deny the allegations set forth in paragraphs two-hundred fifty-one (251) and two-hundred fifty-two (252) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

253.  These defendants hereby deny the allegations set forth in paragraph two-hundred fifty-three (253) of the Factual Background Count of the Complaint.

254-255.  These defendants neither admit nor deny the allegations set forth in paragraphs two-hundred fifty-four (254) and two-hundred fifty-five (255) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

256-259.  These defendants hereby deny the allegations set forth in paragraphs two-hundred fifty-six (256) through two-hundred fifty-nine (259) of the Factual Background Count of the Complaint.

260.  These defendants neither admit nor deny the allegations set forth in paragraph two-hundred sixty (260) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

261.  These defendants hereby deny the allegations set forth in paragraph two-hundred sixty-one (261) of the Factual Background Count of the Complaint.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

262-266.  These defendants neither admit nor deny the allegations set forth in paragraphs two-hundred sixty-two (262) through two-hundred sixty-six (266) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

267-268.   These defendants hereby deny the allegations set forth in paragraphs two-hundred sixty-seven (267) and two-hundred sixty-eight (268) of the Factual Background Count of the Complaint.

269-270  These defendants neither admit nor deny the allegations set forth in paragraphs two-hundred and sixty-nine (269) and two-hundred seventy (270) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

271.  These defendants hereby deny the allegations set forth in paragraph two-hundred seventy-one (271) of the Factual Background Count of the Complaint.

272-292.  These defendants neither admit nor deny the allegations set forth in paragraphs two-hundred seventy-two (272) through two-hundred ninety-two (292) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

293-295.  These defendants hereby deny the allegations set forth in paragraph two-hundred ninety-three (293) through two-hundred ninety-five (295) of the Factual Background Count of the Complaint.

296-299.  These defendants neither admit nor deny the allegations set forth in paragraphs two-hundred ninety-six (296) through two-hundred ninety-nine (299) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

300.  These defendants hereby deny the allegations set forth in paragraph three-hundred of the Factual Background Count of the Complaint.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

## COUNT I-II

Counts I and II of the Complaint do not pertain to these defendants; and, accordingly, no Answer is provided.

## COUNT III

308.   These defendants repeat and reallege each and every answer to the allegations set forth in paragraphs one (1) through three-hundred and seven (307) of the Complaint and makes the same a part hereof as if the same were set forth more fully at length herein.

309-311.   These defendants hereby deny the allegations set forth in paragraphs three-hundred nine (309) through three-hundred eleven (311) of Count III of the Complaint.

## COUNT IV

312.   These defendants repeat and reallege each and every answer to the allegations set forth in paragraphs one (1) through three-hundred eleven (311) of the Complaint and makes the same a part hereof as if the same were set forth more fully at length herein.

313   These defendants hereby deny the allegations set forth in paragraph three-hundred thirteen (313) of Count IV of the Complaint.

314-315.   Paragraphs three-hundred fourteen (314) and three-hundred fifteen (315) of Count IV of the Complaint do not pertain to these defendants; and, accordingly, no Answer is provided.

316   These defendants hereby deny the allegations set forth in paragraph three-hundred sixteen (316) of Count IV of the Complaint.

317.   Paragraph three-hundred seventeen (317) of Count IV of the Complaint do not pertain to these defendants; and, accordingly, no Answer is provided.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

318-319.   These defendants hereby deny the allegations set forth in paragraphs three-hundred eighteen (318) and three-hundred nineteen (319) of Count IV of the Complaint.

320.   Paragraph three-hundred twenty (320) of Count IV of the Complaint do not pertain to these defendants; and, accordingly, no Answer is provided.

## COUNT V

321.   These defendants repeat and reallege each and every answer to the allegations set forth in paragraphs one (1) through three-hundred twenty (320) of the Complaint and makes the same a part hereof as if the same were set forth more fully at length herein.

322-323.   These defendants neither admit nor deny the allegations set forth in paragraphs three-hundred twenty-two (322) and three-hundred twenty-three (323) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

324-327.   These defendants hereby deny the allegations set forth in paragraph three-hundred twenty-four (324) through three-hundred twenty-seven (327) of Count V of the Complaint.

## COUNT VI

328.   These defendants repeat and reallege each and every answer to the allegations set forth in paragraphs one (1) through three-hundred twenty-seven (327)  of the Complaint and makes the same a part hereof as if the same were set forth more fully at length herein.

329.   These defendants hereby deny the allegations set forth in paragraph three-hundred twenty-nine (329) of Count VI of the Complaint.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

330.  These defendants neither admit nor deny the allegations set forth in paragraph three-hundred thirty (330) of the Factual Background Count of the Complaint, but leave plaintiffs to their proof.

331-332.  These defendants hereby deny the allegations set forth in paragraphs three-hundred thirty-one (331) and three-hundred thirty-two (332) of Count VI of the Complaint.

## COUNT VII

333.  These defendants repeat and reallege each and every answer to the allegations set forth in paragraphs one (1) through three-hundred thirty-two (332) of the Complaint and makes the same a part hereof as if the same were set forth more fully at length herein.

334-336.  These defendants hereby deny the allegations set forth in paragraph three-hundred thirty-four (334) through three-hundred thirty-six (336) of Count VII of the Complaint.

## COUNT VIII

337.  These defendants repeat and reallege each and every answer to the allegations set forth in paragraphs one (1) through three-hundred thirty-six (336) of the Complaint and makes the same a part hereof as if the same were set forth more fully at length herein.

338-339.  These defendants hereby deny the allegations set forth in paragraphs three-hundred thirty-eight (338) and three-hundred thirty-nine (339) of Count VIII of the Complaint.

## COUNT IX

Count IX of the Complaint do not pertain to these defendants; and, accordingly, no Answer is provided.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

## COUNT X

343.   These defendants repeat and reallegs each and every answer to the allegations set forth in paragraphs one (1) through three-hundred forty-two (342) of the Complaint and makes the same a part hereof as if the same were set forth more fully at length herein.

344-345.   These defendants hereby deny the allegations set forth in paragraphs three-hundred forty-four (344) and three-hundred forty-five (345) of Count X of the Complaint.

## COUNT XI

346.   These defendants repeat and realle05 each and every answer to the allegations set forth in paragraphs one (1) through three-hundred forty-five (345) of the Complaint and makes the same a part hereof as if the same were set forth more fully at length herein.

347.   These defendants hereby deny the allegations set forth in paragraph three-hundred forty-seven (347) of Count XI of the Complaint.

## COUNT XII

348.   These defendants repeat and reallege each and every answer to the allegations set forth in paragraphs one (1) through three-hundred forty-seven (347) of the Complaint and makes the same a part hereof as if the same were set forth more fully at length herein.

349-350.   These defendants hereby deny the allegations set forth in paragraph three-hundred forty-nine (349) and three-hundred fifty (350) of Count XII of the Complaint.

### FIRST SEPARATE DEFENSE

Defendants were not negligent.

### SECOND SEPARATE DEFENSE

Defendants violated no duty owing to the plaintiff.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

## THIRD SEPARATE DEFENSE

Plaintiff's claims for damages were caused by the actions of third parties over whom these defendants had no control.

## FOURTH SEPARATE DEFENSE

Plaintiff is precluded from recovering by reason of the provisions of the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et. seq.; or, in the alternative, the recovery should be diminished by the percentage of plaintiff's negligence.

## FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred by virtue of the Entire Controversy Doctrine.

## SIXTH SEPARATE DEFENSE

Plaintiff has failed to state a cause of action upon which relief may be granted.

## SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the Doctrine of Charitable Immunity; or, in the alternative, are circumscribed by the provisions of the New Jersey Charitable Immunity Act, N.J.S.A. 2A:53A-8.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred pursuant to the Statute of Limitations.

## NINTH SEPARATE DEFENSE

The Court lacks subject matter jurisdiction.

## TENTH SEPARATE DEFENSE

There is no federal question.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

### ELEVENTH SEPARATE DEFENSE

Venue is improper.

### TWELFTH SEPARATE DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff lacks standing to sue.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff failed to mitigate her damages.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff failed to mitigate damages by failure to purchase insurance as required under the Affordable Care Act.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff has failed to join a party required to be joined under Fed. R. Civ. P. 19.

### SEVENTEENTH SEPARATE DEFENSE

Defendant reserves the right to assert such other defenses as revealed in ongoing discovery up to and including trial.

### CROSSCLAIM FOR CONTRIBUTION OR SETTLEMENT CREDIT

Defendants, allege and say: While denying any liability to plaintiff on its Complaint and on information and belief asserting that there is no basis for liability as to the co-defendants, these defendants, nevertheless asserts a claim for contribution from co-defendants pursuant to N.J.S.A. 2A:15-5.3 and N.J.S.A. 2A:53A, or in the alternative contends that in the event the proofs developed in discovery or at trial establish a basis for liability on the part of co-defendants, and

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

such defendants enter into a settlement agreement in whole or in part with the plaintiff, then defendants assert a claim for credit reducing the amount of any judgment in favor of the plaintiff and against it to reflect the degree of fault allocated to the settling defendant or defendants pursuant to the decision in Young vs. Latta, 123 N.J. 584 (1991).

## CROSSCLAIM FOR INDEMNIFICATION

While denying liability to plaintiff for the damages alleged, if judgment is recovered by plaintiff against these defendants, it is hereby asserted that its negligence was not morally culpable, but was merely constructive, technical, imputed, or vicarious, and that plaintiff's damages arose through the direct and primary negligence of the co-defendants, or through breach of contract.

WHEREFORE, these defendants demand judgment of indemnification from the co-defendant(s) for all sums as will be found in favor of the plaintiff.

## REQUEST FOR ALLOCATION

If any co-defendant settles prior to trial, this defendant will seek an allocation of the percentage of negligence by the fact finder against the settling defendant. We will seek this allocation, whether or not we have formally filed a cross-claim against the settling defendant. We will rely upon the examination and cross-examination of plaintiffs' expert witnesses, and any and all other witnesses at the time if trial, in support of this allocation. You are being apprised of this pursuant to Young v. Latta, 123 N.J. 584 (1991).

## CROSSCLAIM FOR INDEMNIFICATION UNDER CONTRACT

Defendants demand indemnification pursuant to any contract with any co-defendant that may exist.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

## DEMAND FOR PHYSICIAN'S AFFIDAVIT OR REPORT

Demand is hereby made that plaintiff produce an affidavit of an appropriate licensed and/or qualified expert under N.J.S.A. 2A:53 A-26 within sixty (60) days.

Defendant Inspira Medical Centers, Inc. is a hospital entitled to service of an Affidavit of Merit under N.J.S.A. 2A:53A-27. At this time, without more specificity as to a specialty involved, defendant cannot make a Buck v. Henry, 207 N.J. 377 (2011) representation.

## DEMAND FOR TRIAL BY JURY

These defendants hereby demand a trial by jury as to all issues so triable.

## DEMAND FOR DAMAGES

Pursuant to the Rules of Court, these defendants demands that plaintiff serve upon them within five (5) days from the date hereof, a written specification of the amount of money damages claimed in the within action.

## CERTIFICATION

I hereby certify that the within pleading has been served within the time and period allowed under the Federal Rules of Civil Procedure.

GROSSMAN, HEAVEY & HALPIN, P.C.
Attorneys for Defendant


THOMAS J. HEAVEY, ESQ.

DATED: May 5, 2016

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW